UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITE HERE HEALTH,<br><br>        Plaintiff,<br><br>v.<br><br>AUGUSTO PAPA, et al.,<br><br>        Defendants. | 2:11-CV-1543 JCM (RJJ) |

**ORDER**

Presently before the court is plaintiff Unite Here Health's motion for temporary restraining order. (Doc. #2). The underlying cause of action is an Employment Retirement Income Security Act (ERISA) suit to recover monies paid on behalf of Eva Papa relating to injuries that she suffered as a result of medical malpractice. (Doc. #1). Plaintiff alleges that it entered into a plan document and repayment agreement with Papa and/or her representatives. (Doc. #1). Under this agreement, plaintiff asserts that it has a first priority lien on any recovery that Papa's estate may have received. (Doc. #1).

Papa allegedly was the victim of medical malpractice in February 2006. (Doc. #1). Plaintiff asserts that it paid $996,191.98 to clinics, doctors, and hospitals for treatment of injuries suffered by Papa. (Doc. #2, Affidavit of Maria Martinez-Riach). Papa died as a result of her injuries in June 2006. (Doc. #2, Affidavit of Maria Martinez-Riach). Plaintiff further asserts that Papa or her estate and representatives are obligated to reimburse plaintiff these amounts, to the extent that they have

**James C. Mahan**
**U.S. District Judge**

1  obtained recovery from a third party. (Doc. #2).

2  Papa's estate brought a lawsuit in state court for personal injury, medical malpractice, and
3  wrongful death. (Doc. #1). Plaintiff corresponded with defendants' attorney during the course of
4  the state court lawsuit and asked to be appraised of any trial or settlement. (Doc. #2, Affidavit of
5  Daryl E. Martin). Defendants failed to inform plaintiff that the suit settled in June 2011. (Doc. #2,
6  Affidavit of Daryl E. Martin). Plaintiff independently learned about the settlement in September
7  2011 and subsequently contacted defendants. (Doc. #2, Affidavit of Daryl E. Martin). Defendants
8  acknowledged that the suit had settled. (Doc. #2, Affidavit of Daryl E. Martin).

9  Plaintiff asserts that defendants' acknowledgment of the settlement did not clearly establish
10 defendants' intentions with regard to the settlement proceeds. (Doc. #2, Affidavit of Daryl E.
11 Martin). Plaintiff has made multiple attempts to contact defendants and clarify what would happen
12 to the settlement proceeds. (Doc. #2, Affidavit of Daryl E. Martin). However, defendants have not
13 responded to plaintiff since their original acknowledgment of the settlement. (Doc. #2, Affidavit
14 of Daryl E. Martin).

15 Plaintiff argues that defendants may be attempting to avoid their alleged obligation to
16 reimburse plaintiff under the terms of the plan document and reimbursement agreement. (Doc. #2).
17 Plaintiff is concerned that if defendants had prior knowledge of the temporary restraining order
18 motion, defendants would disburse the settlement proceeds, thereby irreparably damaging plaintiff's
19 ERISA action. (Doc. #2). Thus, plaintiff asserts that a temporary restraining order is necessary to
20 protect the status quo until the court can conduct a hearing for a preliminary injunction. (Doc. #2).

21 **<u>Legal Standard</u>**

22 According Federal Rule of Civil Procedure 65, a court may issue a temporary restraining
23 order when the moving party provides specific facts showing that immediate and irreparable injury,
24 loss, or damage will result before the adverse party's opposition to a motion for preliminary
25 injunction can be heard. The Supreme Court has stated that courts must consider the following
26 factors in determining whether to issue a temporary restraining order and preliminary injunction: (1)
27 a likelihood of success on the merits; (2) possibility of irreparable injury if preliminary relief is not

28

**James C. Mahan**
**U.S. District Judge**

granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008).

This analysis creates a continuum: the less certain a district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public interest and balance of hardships tip in their favor. *See Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992). More specifically, the Ninth Circuit has described the relationship between success on the merits and irreparable harm as "a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir. 2000). To reach this sliding scale analysis, however, a moving party must, at an "irreducible minimum," demonstrate some chance of success on the merits. *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987).

1. **Likelihood of Success**

Plaintiff asserts that it has a "reasonable probability of success on the merits of its claims." (Doc. #2). Plaintiff bases this assertion on 29 U.S.C. § 1132(a)(3), which allows an ERISA fiduciary to bring an action to "enjoin any act or practice which violates any provision of this subchapter of the terms of the plain, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this subchapter of the terms of the plan."

In support of its *ex parte* motion, plaintiff has cited only one case in which the court issued a temporary restraining order, *Diamond Crystal Brands, Inc. v. Wallace*, 563 F.Supp.2d 1349 (N.D. GA 2008). This out-of-circuit persuasive authority is not enough to compel the court to grant a temporary restraining order in this case. Further, the law on this topic appears to be in a state of flux. The Supreme Court issued a ruling in 2006 on the topic of ERISA fiduciary reimbursements, *see Sereboff v. Mid Atlantic Medical Servs. Inc.*, 547 U.S. 356 (2006), but the Ninth Circuit has not had an opportunity to provide further guidance to the district courts in this circuit. On this uncertain legal background, it is not appropriate for the court to decide that plaintiff enjoys a high likelihood of success on the merits when ruling on an *ex parte* motion.

Plaintiff has not demonstrated that it enjoys a high likelihood of success on the merits, so this

**James C. Mahan**
**U.S. District Judge**

- 3 -

factor weighs against issuing a temporary restraining order against defendants.

**2.    Irreparable Injury**

Plaintiff alleges that defendants may be contemplating disbursing the settlement proceeds to frustrate any alleged interest plaintiff may have in the settlement proceeds. (Doc. #2). According to plaintiff, this would cause an irreparable injury because plaintiff would "be unable to enforce the terms of its [p]lan [d]ocument." (Doc. #2).

While plaintiff may be correct that disbursement of the funds prior to a hearing on the merits of this motion would irreparably hinder its ERISA suit, plaintiff has not adequately established that defendants are planning to disburse the funds. To justify the temporary restraining order motion, plaintiff's counsel presents the court solely with his personal interpretation of a letter and a lack of communication by defendants. This sort of unsubstantiated conjecture does not provide sufficient grounds for the issuance of an *ex parte* restraining order. In short, without a more solid showing by plaintiff, the court is not inclined to assume that irreparable injury is imminent, much less likely.

This factor also weighs against issuing a temporary restraining order. Plaintiff has not adequately established that it is facing irreparable injury if the temporary restraining order is not granted.

**3.    Balance of Hardships**

Plaintiff also asserts that the balance of hardships weighs in its favor. Specifically, plaintiff argues that the temporary restraining order only maintains the status quo; defendants would only be enjoined from undertaking any action inconsistent with the ERISA plan. In comparison, if defendants are not enjoined, they could dissipate the settlement proceeds and frustrate plaintiff's suit.

Currently, there are not enough clearly established facts on the record to make a finding on this issue. Plaintiff has established that it would suffer a significant hardship if the funds were disbursed. However, as noted above, plaintiff has not made a strong showing that defendants are actually planning on doing dissipating the settlement proceeds. Further, it is not clear what hardship defendants would suffer if the court issued a temporary restraining order. Therefore, this factor is neutral in the temporary restraining order analysis.

4. **<u>Public Interest</u>**

Finally, plaintiff argues that the public interest weighs in favor of issuing a temporary restraining order. Plaintiff asserts that a temporary restraining order would allow the court to further the congressional purpose of ERISA. According to plaintiff, ERISA was intended to "protect contractually defined benefits by ensuring the integrity of written plans and enforcing them as written." (Doc. #2).

While it is vital for the court to protect its ability to enforce valid ERISA claims, plaintiff has not established that there is actually a danger to its ERISA claim in this case. Therefore, this factor does not weigh in favor of issuing a temporary restraining order.

<u>Conclusion</u>

Balancing all four of the *Winter* factors, the court holds than an *ex parte* temporary restraining order is not warranted at this time. *See Winter*, 555 U.S. at 20.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. #2) be, and the same hereby is, DENIED.

DATED September 28, 2011.

_____
UNITED STATES DISTRICT JUDGE